```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

```
JONATHAN BRETT BATES,              :
                                   :
     Plaintiff,                    :
                                   :
v.                                 :     CIVIL ACTION 05-0628-M
                                   :
JO ANNE B. BARNHART,               :
Commissioner of                    :
Social Security,                   :
                                   :
     Defendant.                    :
```

MEMORANDUM OPINION AND ORDER

In this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), Plaintiff seeks judicial review of an adverse social security ruling which denied claims for disability insurance benefits and Supplemental Security Income (hereinafter *SSI*).  The parties filed written consent and this action has been referred to the undersigned Magistrate Judge to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73 (*see* Doc. 14).  Oral argument was heard on October 20, 2006.  Upon consideration of the administrative record, the memoranda of the parties, and oral argument, it is **ORDERED** that the decision of the Commissioner be **REVERSED** and that this action be **REMANDED**.

This Court is not free to reweigh the evidence or substitute its judgment for that of the Secretary of Health and Human Ser-

vices, *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983), which must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The substantial evidence test requires "that the decision under review be supported by evidence sufficient to justify a reasoning mind in accepting it; it is more than a scintilla, but less than a preponderance." *Brady v. Heckler*, 724 F.2d 914, 918 (11th Cir. 1984), *quoting Jones v. Schweiker*, 551 F.Supp. 205 (D. Md. 1982).

Plaintiff was born March 25, 1968. At the time of the most recent administrative hearing, Bates was thirty-five years old, had completed a high school education (Tr. 475), and had previous work experience as a truck driver, satellite installer, exterminator, physical therapy technician, carpenter helper, and a vinyl siding installer (Doc. 17). In claiming benefits, Plaintiff alleges disability due to depression and seizures (Doc. 17).

The Plaintiff protectively filed applications for disability benefits and SSI on June 14, 2002 (Tr. 80-83, 396-400). Benefits were denied following a hearing by an Administrative Law Judge (ALJ) who determined that although he could not perform any of his past relevant work, Bates was capable of performing other specific jobs in the national economy (Tr. 35-51). Plaintiff requested review of the hearing decision by the Appeals Council (Tr. 67-69). On August 5, 2004, the Appeals Council vacated the

ALJ's decision "and remanded the case to an [ALJ] for the purpose of holding a de novo hearing . . . . because the recording of the hearing testimony in this case could not be located and the Council did not have a complete record to review" (*see* Tr. 13). On June 8, 2005, the Appeals Council vacated its August 5, 2004 Order as the missing recording was located (Tr. 12-14). The Appeals Council subsequently found no basis for Bates's request for review (Tr. 8-10).

Plaintiff claims that the opinion of the ALJ is not supported by substantial evidence. Specifically, Bates alleges that the Appeals Council did not properly consider newly-submitted evidence (Doc. 10). Defendant has responded to—and denies—these claims (Doc. 11).

The Court notes that Plaintiff, in his brief, points out certain evidence that was not considered by the Appeals Council (Doc. 10, pp. 3-7). Further examination demonstrates that the evidence was not considered by the ALJ or the Appeals Council. The Court is not referring to the evidence which the Appeals Council specifically referenced as new evidence which provided no basis for changing the ALJ's opinion (Tr. 8-11 (referencing Tr. Pp. 411-69)); the Court refers to evidence existing in the file which has apparently never been considered for any purpose.

Specifically, Psychologist Nina E. Tocci completed a psychological evaluation on March 4, 2004 (Tr. 346-48). A State

Agency physician completed a physical RFC on March 29, 2004 while another State Agency physician completed a mental RFC and Psychiatric Review Technique Form on April 8, 2004 (Tr. 369-95). All of this information post-dates the ALJ's decision of October 30, 2003; furthermore, there is no indication in any of the Appeals Council's Orders that this evidence was considered for any purpose.

Defendant has argued that the Appeals Council found nothing material in this evidence, so it did not change the ALJ's decision, referencing *Falge v. Apfel*, 150 F.3d 1320, 1323 (11th Cir. 1998), *cert. denied*, 525 U.S. 1124 (1999) (Doc. 11, pp. 5-9).  This Court, however, can find nothing in the record to indicate that the Social Security Administration, at any stage of the evaluation process, considered this specific information. Therefore, there is no decision, with regard to this evidence to review.  The Court finds that it would be inappropriate to consider the evidence as new under *Falge* as it appears in the transcript record.  It is not being presented to the Court for the first time to view as a basis for remanding this action.

The Court further notes that the Appeals Council gave no reasoning for its rejection of the additional evidence (Tr. 8-10); though the evidence was referenced, the Court has no basis for determining how the Appeals Council came to that conclusion. It would be extremely helpful to the Court if the Social Security

Administration would explain how it reached that decision.

Therefore, based on these determinations, the Court finds that it cannot render a decision regarding Plaintiff's claims for disability benefits and SSI which considers all of the evidence of record.  At the very least, it is necessary for the Appeals Council to review the specific medical evidence referenced (Tr. 346-48 and 369-95) and decide whether it provides any basis for changing the ALJ's decision.  Additionally, the Appeals Council should explain how it reached the decision that the considered additional evidence (Tr. 411-69) provided no basis for changing the ALJ's decision.  The Court, however, expresses its preference that the action be remanded to an ALJ who will consider all evidence of record in a new decision.

Based on review of the entire record, the Court finds that the Commissioner's decision is not supported by substantial evidence.  Therefore, it is **ORDERED** that the action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings consistent with this opinion.  Judgment will be entered by separate Order.

DONE this 20th day of October, 2006.

s/BERT W. MILLING, JR.  
UNITED STATES MAGISTRATE JUDGE